## GLENN ET AL. *v.* JOHNSON ET AL.

The personal acquisitions of a wife, in Georgia, being by statute of that State not subject to the debts of her husband, her separate earnings from her individual labor and business, carried on with his consent, cannot be reached by his assignees in bankruptcy.

APPEAL from the District Court for the Northern District of Georgia.

Glenn and another, assignees in bankruptcy of George Johnson, who, in 1868, in proceedings instituted on his own petition, had been declared a bankrupt by the District Court of Georgia, filed a bill in the court below against the said George, his wife, and a certain Flynn, trustee of the wife, to reach certain real property situated in the city of Atlanta, standing in the name of Flynn, as such trustee, and to subject it to the payment of his debts.

The court below dismissed the bill, and the assignees of the bankrupt took this appeal.

*Messrs. E. N. Broyles and R. Arnold, for the appellants; no opposing counsel.*

Mr. Justice FIELD stated the facts of the case, and delivered the opinion of the court, as follows:

It appears that in July, 1863, one Thomas S. Powell conveyed to the trustee the property in question, for the alleged consideration of four thousand dollars; and that subsequently, in 1867, buildings and other improvements were placed upon the property to the value of two thousand dollars. The deed recites that the consideration was paid by Mrs. Johnson, and declares that the property is conveyed to the trustee in trust for her sole and separate use, and is not to be liable for the debts or contracts of her husband.

The bill alleges, upon the belief of the complainants, that the consideration was paid, and the improvements were made, out of the funds of the husband, who, at the time the

property was purchased, was greatly embarrassed by debts, and at the time the improvements were made was wholly insolvent. It, therefore, charges that the conveyance to the wife and the improvements upon the property were made in fraud of the creditors of the husband, and prays that the conveyance may be declared fraudulent, and the property decreed to be sold and the proceeds administered by the complainants under the provisions of the Bankrupt Act; or, if the conveyance be not thus declared fraudulent, that the property be sold and the proceeds, to the extent of the value of the improvements, be thus administered.

The husband, the wife, and the trustee separately answered the bill, and all averred, the husband and wife positively, and the trustee upon information and belief, that the consideration of the conveyance and the cost of the improvements were paid out of the earnings of the wife from her individual labor and business carried on with the consent of her husband. The answers are under oath, and their averments in this particular were subsequently sustained by the testimony of the parties as well as by the testimony of other persons.

The position of the complainants that this fact constitutes no defence to the suit, would be a sound one if the case were to be determined independently of the statute of Georgia. At common law, an agreement after marriage between husband and wife that the latter may carry on business on her own account and retain her earnings, is invalid as against his creditors, unless founded upon a valuable consideration; a voluntary agreement to that effect is only good as against him.*

But the statute of Georgia comes to the aid of the wife and protects her separate earnings from his creditors. Section 1702, of the code of that State, whilst providing that all property given to the wife during the coverture, or acquired by her, shall vest in the husband, declares that "any words

---

* 2 Story's Equity, §§ 1385–1387.

in the gift or bequest indicating a wish for the personal enjoyment thereof by the wife, such as a gift to the wife by name, shall create a separate estate therein for her, and in no case shall the personal acquisitions of the wife be subject to the debts of the husband."*

The earnings of the wife are thus placed beyond the reach of his creditors and of course of his assignees in bankruptcy.

DECREE AFFIRMED.

---

* Code of Georgia in force in 1863, p. 338, §§ 1701–2.